1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|   |   |   |
|---|---|---|
| ARTHUR RAMIREZ, | ) | 1:06-cv-01878-LJO-TAG HC |
|  | ) |  |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
|  | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATING THE ONE-YEAR |
|  | ) | STATUTE OF LIMITATIONS |
|  | ) |  |
| KEN CLARK, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
| _____ | ) |  |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant federal petition for writ of habeas corpus was filed on December 27, 2006.  A preliminary review of the Petition, however, reveals that the petition may be untimely.

## DISCUSSION

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

1    The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

2  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

3  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

4    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

5    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

6  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

7  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood,

8  114 F.3d 1484, 1499 (9th Cir. 1997).  The instant petition was filed on December 27, 2006, and thus,

9  it is subject to the provisions of the AEDPA.

10    The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

11  petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

12  reads:

13    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The
14    limitation period shall run from the latest of –

15    (A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;
16

17    (B) the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States is removed, if
the applicant was prevented from filing by such State action;
18

19    (C) the date on which the constitutional right asserted was initially recognized by
the Supreme Court, if the right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or
20

21    (D) the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

22    (2) The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending shall
23    not be counted toward any period of limitation under this subsection.

24  28 U.S.C. § 2244(d).

25    In most cases, the limitation period begins running on the date that the petitioner's direct

26  review became final.  Here, the Petitioner was convicted on February 27, 1997.  (Doc. 1, p. 1).

27  Petitioner indicated that he filed a direct appeal of his conviction; however, he did not recall the date

28  on which the California Supreme Court denied his Petition for Review.  (Id. at p. 2).  The Court has

2

1  accessed the California Courts' electronic database and determined that Petitioner's Petition for

2  Review was denied on September 29, 1999 in case number S080745, which was based upon the

3  California Court of Appeal, Fifth Appellate District case number F029659, the same case number

4  Petitioner references in the petition.  (Id.).

5      Thus, direct review would have concluded on December 28, 1999, when the ninety day

6  period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S.

7  880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d

8  345, 347 (8th Cir.1998).  Petitioner would then have one year from that date, or until December 28,

9  2000, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

10  The petition in this case was filed on December 27, 2006, over six years *after* the limitations period

11  expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, his petition is

12  untimely and must be dismissed.

13      C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

14      Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

15  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

16  pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

17  Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

18  state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

19  challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d

20  557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned

21  that tolling the limitations period during the time a petitioner is preparing his petition to file at the

22  next appellate level reinforces the need to present all claims to the state courts first and will prevent

23  the premature filing of federal petitions out of concern that the limitation period will end before all

24  claims can be presented to the State Supreme Court.  Id. at 1005.  However, the limitations period is

25

26  [1]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of

27  Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

28

1  not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 121 S.Ct.

2  2120, 2129 (2001).

3      Moreover, a petitioner is not entitled to tolling where the limitations period has already run

4  prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see

5  Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919,

6  920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-

7  year limitations period).

8      Here, Petitioner alleges that he exhausted his claims by filing a state habeas petition in the

9  California Supreme Court.  (Doc. 1, p. 3).  Petitioner does not indicate when he filed that petition, or

10  when it was denied, or whether he had previously filed other habeas petitions in the lower state

11  courts.  However, the Court's review of the state court electronic database indicates that Petitioner

12  filed habeas petitions in the California Supreme Court on two occasions.  The first was filed on

13  March 8, 2002 and was denied on September 18, 2002.  The second was filed on October 28, 2002

14  and was denied on June 18, 2003.

15      As mentioned, however, the limitations period expired on December 28, 2000, some fifteen

16  months *before* Petitioner first filed a state habeas petition in the California Supreme Court.  Because

17  the limitations period appeared to expire before he filed his state habeas petitions, he would not be

18  entitled to statutory tolling and the petition would be untimely.  Green, 223 F.3d at 1003.

19      Moreover, it appears that, following the California Supreme Court's denial of his last state

20  habeas petition on June 18, 2003, Petitioner waited three and one-half years before filing the instant

21  petition.  Therefore, even assuming, arguendo, that he is entitled to equitable tolling up to June 18,

22  2003, the petition would still be untimely because the one-year period for filing a federal petition

23  would have expired on June 18, 2004, two and one-half years before the instant petition was filed.

24      Of course, it may be the case that Petitioner filed additional state habeas petitions that would

25  entitle him to statutory tolling but that Petitioner has simply neglected to inform the Court of that

26  fact.  Accordingly, Petitioner will be permitted the opportunity in his response to the Court's Order

27  to Show Cause to provide further information regarding the dates during which any state habeas

28  petitions were pending, including the dates of filing, the courts in which the petitions were filed, the

1   issues raised, and the dates of decision.  Petitioner should include in his response copies of any state

2   petitions he has filed as well as the state court's decisions on those petitions.

3       D.  Equitable Tolling

4       The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

5   prisoner's control" have made it impossible for the petition to be filed on time.  <u>Calderon v. U.S.</u>

6   <u>Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998)(citing <u>Alvarez-Machain v. United States</u>, 107

7   F.3d 696, 701 (9th Cir. 1997)); <u>(Beeler)</u>, 128 F.3d at 1288 (noting that "[e]quitable tolling will not be

8   available in most cases, as extensions of time will only be granted if 'extraordinary circumstances'

9   beyond a prisoner's control make it impossible to file a petition on time"). "When external forces,

10  rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable

11  tolling of the statute of limitations may be appropriate."  <u>Id.</u>; <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107

12  (9th Cir. 1999).

13      Petitioner does not contend that equitable tolling applies here.

14                                          **<u>ORDER</u>**

15      Accordingly, the Court HEREBY ORDERS:

16      1.  Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

17          of this Order why the Petition should not be dismissed for violation of the one-year

18          statute of limitations in 28 U.S.C. § 2244(d).

19      Petitioner is forewarned that his failure to comply with this order may result in Findings and

20  Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

21

22  IT IS SO ORDERED.

23  Dated:   **January 4, 2008**                    _____**/s/ Theresa A. Goldner**_____
                                                   UNITED STATES MAGISTRATE JUDGE
24  _____

25

26

27

28

                                              5