UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR RAMIREZ, | ) | 1:06-cv-01878-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS FOR VIOLATION OF THE ONE-YEAR STATUTE OF |
| | ) | LIMITATIONS (Doc. 1) |
| KEN CLARK, | ) | |
| | ) | ORDER REQUIRING OBJECTIONS TO BE |
| Respondent. | ) | FILED WITHIN FIFTEEN DAYS |
| | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant federal petition for writ of habeas corpus was filed on December 27, 2006. On January 7, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). (Doc. 7). The Order to Show Cause afforded Petitioner an opportunity to file a response indicating why the petition might be timely. On March 4, 2008, Petitioner filed his response. (Doc. 10).

DISCUSSION

A. Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

1

not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039, 1041-1042 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. Herbst, 260 F.3d at 1041-1042. In its Order to Show Cause, the Court provided Petitioner with notice of its concern regarding the untimeliness of the petition. The Order also provided Petitioner with an opportunity to respond to those concerns.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on December 27, 2006 and is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on February 27, 1997. (Doc. 1, p. 1). Petitioner contends that he filed a direct appeal of his conviction; however, his petition does not indicate when the California Supreme Court denied his petition for review. (Id. at p. 2). The Court has accessed the California courts' electronic database and determined that the California Supreme Court denied Petitioner's petition for review on September 29, 1999 in its case number S080745, which was based upon the California Court of Appeal, Fifth Appellate District case number F029659, the same case number Petitioner references in his petition. (Id.).[1]

Thus, direct review would have concluded on December 28, 1999, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from that date, or until December 28, 2000, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. The habeas petition in this case was filed on December 27, 2006, over six years *after* the limitations period expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, his petition is untimely and must be dismissed.

///

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir. 1981); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California courts, containing the state court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice. The Court takes judicial notice of the facts that the California Supreme Court denied Petitioner's petition for review on September 29, 1999 in its case number S080745, which was based upon the California Court of Appeal, Fifth Appellate District case number F029659, as reflected in the state court's records.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001).

Moreover, a petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F. 3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." ); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); see Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

Here, Petitioner alleges that he exhausted his claims by filing a state habeas petition in the California Supreme Court, but does not indicate when the petition was filed or denied, or whether he had previously filed other habeas petitions in the lower state courts. (Doc. 1, pp. 3-4). However, the California courts' electronic database of the court records of the California Supreme Court indicates

---

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino v. Galaza, 183 F.3d 1003, 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas relief is non-appealable, a state prisoner may file a new habeas petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the state Supreme Court.

4

1  that Petitioner filed habeas petitions in the state Supreme Court on two occasions.  The Court takes
2  judicial notice of the dates that both petitions were filed and denied, as reflected in the state court's
3  records.  Specifically, the Court takes judicial notice that Petitioner's first habeas petition in the
4  California Supreme Court was filed on March 8, 2002 and denied on September 18, 2002 in case
5  number S104934, and that his second habeas petition was filed on October 28, 2002 and denied on
6  June 18, 2003 in case number S110950.  Fed.R. Evid. 201(b).

7  As mentioned, however, the limitations period expired on December 28, 2000, some fifteen
8  months *before* Petitioner first filed a state habeas petition in the California Supreme Court.  Because
9  the limitations period expired before Petitioner filed his state habeas petitions, he is not entitled to
10 statutory tolling and the instant petition is untimely.  Green, 223 F.3d at 1003.  Moreover, it appears
11 that, following the California Supreme Court's denial of his last state habeas petition on June 18,
12 2003, Petitioner waited *three and one-half years* before filing the instant federal petition.  Therefore,
13 even assuming, arguendo, that he is entitled, for some reason not readily apparent to the Court,  to
14 equitable tolling through June 18, 2003, the petition would still be untimely because the one-year
15 period for filing a federal petition would have subsequently expired on June 18, 2004, two and one-
16 half years before the instant petition was filed.

17 In an excess of caution, the Court issued an Order to Show Cause, thus providing Petitioner
18 with the chance to supply information that might entitle him to additional statutory tolling.  In his
19 response, Petitioner does not dispute the Court's chronology or the Court's calculation of dates and
20 deadlines.  Rather, Petitioner asserts two points.  First, he claims he was never notified of the
21 California Supreme Court's denial of his petition for review, and thus was unaware that the one-year
22 limitation period had commenced.  Second, Petitioner contends that the prison library did not contain
23 adequate or current legal materials.  (Doc. 10, pp. 2-5).  Since both of these issues implicitly raise the
24 question of equitable tolling, they will be discussed below.

25 D.  Equitable Tolling

26 The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
27 prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.
28 Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citation omitted); Calderon v. United States

District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F. 3d 530 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time")(citation omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

In Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001), the Ninth Circuit concluded that the petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness.'  The Ninth Circuit reaffirmed this rule in Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).  In that case, the Court pointed out that the determination vis-a-vis equitable tolling is "highly fact-dependent" and that the petitioner "bears the burden of showing that equitable tolling is appropriate." Id.

Petitioner gives two reasons for his failure to file a timely petition.  First, he contends he was never notified of the California Supreme Court's denial of his petition for review, and thus was unaware that the one-year limitations period had commenced.  Second, he contends that the prison library did not contain adequate or current legal materials. (Doc. 10, pp. 2-5).  Neither of these circumstances establish an entitlement to equitable tolling.

In support of his contention that the California Supreme Court did not notify him of the fate of his petition for review, Petitioner has supplied portions of what appear to be his prison mail log.  This appears to be a disingenuous attempt by Petitioner to create an entitlement to equitable tolling where none exists.  Significantly, Petitioner has not provided excerpts of his prison mail log for the pertinent period during which the California Supreme Court considered his petition for review.  The California courts' electronic database indicates that the petition for review was filed on July 21, 1999 and denied on September 29, 1999.[3]  The mail log supplied by Petitioner in response to the

---

[3] The Court takes judicial notice of these facts, as reflected in the California courts' electronic database.  Fed. R. Civ. P. 201(b).  The Court also notes that the instant petition attaches a letter dated July 19, 1999 from Petitioner's appellate attorney to Petitioner, enclosing a "copy of the Petition for Review" and advising him that "[w]e should hear from the Supreme Court in September.  I'll let you know." (Doc. 1, p.29).  Thus, Petitioner was on notice that a decision on the petition

6

Order to Show Cause stops at June 28, 1999 and does not recommence until September 27, 2006, a period of almost seven years. (Doc. 10, pp. 15-18). The mail log attached to the petition stops at July 28, 1999, and does not recommence until June 7, 2000, a gap of nearly one year. (Doc. 1, pp. 31-34).

The mail logs supplied by Petitioner indicate that Petitioner was contacted by the Central California Appellate Program in Sacramento, California, which appoints appellate counsel for indigent defendants, and that Petitioner received numerous correspondence from his court-appointed appellate attorney, Gee, from May 1998 through July 1999. The Court presumes that this was the period during which attorney Gee was preparing Petitioner's appeal in the California Court of Appeal, Fifth Appellate District and in the California Supreme Court. It is a normal practice for the California courts to send copies of orders to counsel rather than parties; therefore, it is reasonable to assume that the California Supreme Court notified attorney Gee of the denial of the petition for review. Normally, an appellate attorney would then notify his client of this fact. However, as mentioned, the mail logs have a gap commencing just prior to the time when attorney Gee would have been expected to notify Petitioner of the California Supreme Court's action.

However, even assuming that Petitioner's mail logs are complete and that he has not omitted pertinent entries, and even assuming that attorney Gee did not notify Petitioner of the California Supreme Court's denial of his petition for review, those facts are still insufficient to warrant equitable tolling. As mentioned, Petitioner not only failed to file his petition within the original one-year period, after he had exhausted his claims in the state court during the periods of March 8, 2002 through September 18, 2002, and October 28, 2002 through June 18, 2003, he then waited another *three and one-half years after that last date* to file his petition. In other words, even if the California Supreme Court or Petitioner's appellate attorney were somehow derelict in failing to keep him apprised of the running of the one-year period, by the time he commenced his "round" of state habeas petitions in 2003 he was on notice that his direct appeal had already concluded and that therefore time was of the essence. Petitioner's additional three and one-half year delay *after* conclusion of the state habeas round is inexcusable from any perspective and disqualifies him from

---

for review was expected in September 1999.

any potential equitable tolling.

Petitioner's claim regarding the currency of prison law library materials and his ignorance of the law is insufficient to justify equitable tolling.  See e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710, 714-715 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).  Moreover, prison lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal. Nov. 3, 1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Moreover, Petitioner's indigent status and limited legal knowledge, as well as his status as an incarcerated individual, are not circumstances that distinguish him from the great majority of prisoners attempting to file petitions for writ of habeas corpus in this Court.  To the contrary, such circumstances are not in any way extraordinary and do not justify equitable tolling.  If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitations period, the AEDPA's limitations period would be meaningless since virtually all incarcerated prisoners have these same problems in common.  While undoubtedly these circumstances would make it more difficult to file a timely petition and would require a correspondingly greater effort by a prisoner, the evidence presented by Petitioner does not establish that these circumstances alone were the "but for" cause of the petition's late filing.  Allen, 255 F.3d at  801.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for violation of the AEDPA's one-year limitations period.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 9, 2008**                             /s/ Theresa A. Goldner
                                                                UNITED STATES MAGISTRATE JUDGE